UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY CULP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-2214 |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| VETERANS ADMINISTRATION HOSPITAL ) | |
| (DANVILLE MEDICAL CENTER) ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

The United States of America, defendant, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, David H. Hoff, Assistant United States Attorney, and Michael M. McFatridge, Special Assistant United States Attorney, in answer to the plaintiff's complaint:

1. Denies the plaintiff's allegations of medical negligence by the agents and/or employees at the Veterans Administration Hospital (Danville Medical Center) which is correctly known as the Department of Veterans Affairs Illiana Health Care System, Danville, Illinois; denies all allegations that the defendant proximately caused injury to the plaintiff and does not have sufficient information to either admit or deny the remainder of the allegations in paragraph 1 of the plaintiff's complaint.  The defendant affirmatively states that the United States of America is the only proper defendant in a district court complaint brought pursuant to the Federal Tort Claims Act.  The defendant affirmatively states that the plaintiff missed several appointments with the

urologist that significantly hindered and delayed the plaintiff's course of treatment and chances for recovery.

    2.  Denies paragraph 2 of the plaintiff's complaint and affirmatively states that the claim was received on August 13, 1999, that the administrative tort claim was signed by the plaintiff's attorney, and is not a valid timely submitted administrative claim.

    3.  Admits paragraph 3 of the plaintiff's complaint.

    4.  The defendant does not have sufficient information to either admit or deny paragraph 4 of the plaintiff's complaint.

    5. Denies that this Court has subject matter jurisdiction to consider this complaint as alleged in paragraph 5 because of the defects referenced in paragraph two of this answer thereby depriving the court of subject matter jurisdiction to consider this complaint.

    6.  Admits that venue is proper as alleged in paragraph 6.

    7.  Does not have sufficient information to either admit or deny paragraph 7 of the plaintiff's complaint which is not a complete sentence and makes no allegations.

    8.  Does not have sufficient information to either admit or deny paragraph 8 of the plaintiff's complaint.

    9.  Admits paragraph 9 of the plaintiff's complaint.

    10.  Denies paragraph 10 of the plaintiff's amended complaint.

    11.  Does not have sufficient information to either admit or deny paragraph 11 of the complaint.

12. Does not have sufficient information to either admit or deny paragraph 12 of the complaint.

13. Does not have sufficient information to either admit or deny paragraph 13 of the plaintiff's complaint.

14. Does not have sufficient information to either admit or deny paragraph 14 of the complaint.

15. Does not have sufficient information to either admit or deny the allegations of paragraph 15 of the complaint.

16. Denies paragraph 16 of the complaint and each and every subparagraph thereof including subparagraphs a through c of paragraph 16 of the plaintiff's complaint.

17. Denies paragraph 17 of the plaintiff's complaint.

### AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

The United States of America states as affirmative defenses to the relief requested in the plaintiff's complaint that:

1. The complaint does not state a valid cause of action against the defendant for several reasons, including but not limited to the facts that: (1) there was no negligence by the defendant; (2) the defendant did not cause any harm to the plaintiff; and (3) the defendant's actions were not a proximate cause of the alleged injuries and damages set forth in the plaintiff's complaint.

2. The defendant did not owe the plaintiff the duties as alleged in the plaintiff's amended complaint.

3. The complaint should be dismissed because it does not allege a specific dollar amount of recovery that is not in excess of the damages stated in the plaintiff's administrative claim as required by 28 U.S.C. § 2671 et seq. , particularly by 28 U.S.C. § 2675(b), and by 28 C.F.R. § 14.2a.

4. The plaintiff failed to attend scheduled medical appointments and independently failed to take proper measure for the diagnosis and treatment of his alleged medical condition. Consequently, the plaintiff failed to mitigate his damages as required by law. See "Failure to mitigate damages is an affirmative defense. Rozny v. Marnul, 43 Ill.2d 54, 250 N.E.2d 656 (1969)."

5. The plaintiff failed to take proper measure for the diagnosis and treatment of his alleged medical condition and in particular failed to attend scheduled medical appointments. Consequently, the plaintiff is barred from recovery against the defendant in this case because his contributory fault was more than 50% of the proximate cause of the injury and damage for which recovery is sought. See 735 ILCS 5/2-1116.

6. The plaintiff failed to take proper measure for the diagnosis and treatment of his alleged medical condition, and in particular failed to attend scheduled medical appointments. If the plaintiff's comparative fault is not more than 50% of the proximate cause of his injuries and damages stated in the administrative claim and in his district

court complaint, any economic and non-economic damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff.

    7.  This Court does not have subject matter jurisdiction to consider, and the plaintiff's amended complaint does not state a valid cause of action for recovery of, any dollar amount or category of damages sought by the plaintiff in her district court complaint not specifically included in the Federal Tort Claims Act Administrative Claim.

    8.  The plaintiff's district court complaint is barred because of the plaintiff's failure to timely submit a properly signed Administrative Tort Claim as required by 28 U.S.C. §§ 2675, 2679(a), and 28 C.F.R. § 14 including 28 C.F.R. § 14.3.

    WHEREFORE, the defendant, United States of America, requests that this Court enter judgment in favor of the defendant and against the plaintiff and award the defendant the costs incurred in defense of this complaint.

    Respectfully submitted this 6th day of December 2005.

                              RODGER A. HEATON
                              UNITED STATES ATTORNEY

                BY:    s/David H. Hoff
                              DAVID H. HOFF, Bar No. IL 1234072
                              United States Attorney
                              201 S. Vine St., Suite 226
                              Urbana, IL 61802
                              Phone:  217/373-5875
                              Fax: 217/373-5891
                              david.hoff@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of December, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Alexander M. Sukhman
    Kralovec, Jambois & Schwartz
    60 West Randolph Street
    Chicago, IL 60601

    s/David H. Hoff
    DAVID H. HOFF, Bar No. IL 1234072
    United States Attorney
    201 S. Vine Street, Suite 226
    Urbana, Illinois 61802
    Phone:  217/373-5875
    Fax: 217/373-5891
    david.hoff@usdoj.gov