UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAY CULP,                                     )
                                              )
        Plaintiff,                            )
                                              )
vs.                                           )   Case No. 05-2214
                                              )
UNITED STATES OF AMERICA and                  )
VETERANS ADMINISTRATION HOSPITAL              )
(DANVILLE MEDICAL CENTER)                     )
                                              )
        Defendants.                           )

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiff (meaning any person, other than the defendant, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of ONE HUNDRED THIRTY FIVE THOUSAND AND THREE HUNDRED THIRTY FIVE DOLLARS ($125,000 + $10,335 [$795 x 13 months = $10,335] = $135,335), which sum and waiver shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any future claims for wrongful death, for which plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees stemming from the plaintiff's medical care and treatment by the United States Department of Veterans Affairs at any time up to and including the date of execution of this Stipulation, regarding matters alleged, or germane or arising out of the treatment allegation the Complaint or complained of in this lawsuit.

3. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned

action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection

with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation For Compromise Settlement and Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by government wire transfer as per the following:

  A. Corus Bank

  B. 50 South Lincoln Street, Hinsdale, Illinois 60522

  C. ABA Routing Number: 071025661

  D. Payee Account : Kralovec, Jambois & Schwartz Client Account

  E. Payee Account Number: 01211397

  F. Taxpayer Identification Number: 20-4459742

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to Title 5, United States Code, Section 552a(b).

10. With respect to the settlement amount, the United States will not sign any annuity applications or uniform qualified settlement forms or any equivalent forms. The United States will not pay the settlement amount into a qualified settlement fund or its equivalent. Plaintiff and his attorneys and their representatives, including any structured settlement annuity broker, stipulate and agree that they will not attempt to structure the settlement amount in any way or manner, including by placing any of the settlement amount into any qualified settlement fund or its equivalent. Nothing in this paragraph precludes the plaintiff from purchasing standard, non-structured settlement annuities after the plaintiff has received the settlement proceeds or from depositing any portion of the settlement amount into a special needs trust or supplemental needs trust, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

11 The plaintiff presently receives a non-service connected disability pension from the Department of Veterans Affairs. To assist the plaintiff and his attorney in anticipating how this settlement shall adversely affect this pension, the Office of the United States Attorney has been provided the following information by the Department of Veterans Affairs concerning this issue. Although the following statements and assumptions are not binding upon any agency of the United States government, this is the best and most reliable information obtained by the Office of the United States Attorney concerning this issue, and the plaintiff and his attorney have relied on this good faith explanation in accepting this settlement. Based on current regulations, federal statutes and administrative rules and guidelines, the Office of the United States Attorney has provided the following information to the plaintiff and his attorney on this issue:

a. The plaintiff's monthly non-service connected disability pension of $950 per month will be automatically reduced to $795 per month effective June 1, 2007 because the plaintiff's minor dependent child will become 18 years of age. This reduction is totally unrelated to any impact that this settlement may have on any government benefit the plaintiff may now or hereafter receive.

b. The plaintiff's receipt of this settlement amount shall cause his income for calculation of his disability pension benefit to exceed the maximum annual income guideline amount of $16,179. The maximum annual income guideline amount is reduced to $10,929 if the veteran is single with no dependents. The receipt of this

settlement will be countable income effective the first month following the month that he receives access to the settlement proceeds. If the proceeds are deposited into his attorney's client account on May 15, 2007, the funds are countable effective June 1, 2007, and his monthly pension amount would be terminated effective June 1, 2007.

c. The plaintiff will be eligible to reapply for resumption of his non-service connected disability pension thirteen months after the loss of this monthly pension benefit caused by his receipt of this settlement amount of money. Using the above example, the plaintiff's receipt of this settlement would be countable income from June 1, 2007 through May 31, 2008. The plaintiff then would have potential restored eligibility effective June 1, 2008. If he is found eligible effective June 1, 2008, his reopened award would not begin or be "pay effective" until July 1, 2008 per 38 C.F.R. §3.31. If he wishes to reapply, it would be best for him to do it early in June, 2008. At that time the Department of Veterans Affairs will do an income and asset analysis to determine his eligibility. The loss of his $795 monthly disability pension for this 13 month period is compensated for in this settlement by inclusion of $10,335 [$795 x 13 months = $10,335] in this settlement amount.

d. The United States does not know what determination will be made on any future application for resumption of this non-service connected disability pension or any other government benefit for which the plaintiff may apply. However, the United State's Attorney's office has been told by the Department of Veterans Affairs, that $80,000 is the current asset threshold guideline for evaluating an application for

resumption of a non-service connected disability pension. The value of the veteran's residence, family vehicle and personal effects are excluded from this calculation of a veteran's net worth who applies for resumption of a non-service connected disability pension. If the asset amount exceeds the then applicable threshold guideline, the individual circumstances of the veteran are then analyzed by the Department of Veterans Affairs in determining what if any benefit the veteran is entitled to receive. Factors that may be applied in this evaluation process may include a review of any income the veteran has from other sources, the veteran's family expenses, the claimant's life expectancy, and how readily the veteran's assets can be converted into cash. A veteran also can seek to reopen a claim for benefits based on any significant changed circumstances the veteran is experiencing.

12. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

13. The parties further agree that the plaintiff will dismiss this cause of action with prejudice within 21 days after receipt of the above described settlement amount in the plaintiff's attorney's above described client account. The Court shall retain jurisdiction to enforce the terms of this settlement agreement.

Executed this 16th day of October, 2007.

RODGER A. HEATON
United States Attorney


BY: s/David H. Hoff
    DAVID H. HOFF, Attorney for Defendant


Executed this 4th day of October, 2007.


s/Alexander Suhkman
ALEXANDER SUKHMAN
Attorney for Plaintiff


Executed this 3rd day of October, 2007 .


s/Ray Culp
RAY CULP
Plaintiff